*77 OPINION.
Teussell:
There is no controversy as to the additions made to fixed assets subsequent to January 1, 1910, nor as to the rates of depreciation used in respondent’s computations. 'The respondent has used the figures of cost as shown by petitioner’s books and records as the basis for computing depreciation, inasmuch' as no March 1, 1913, value ■ was established. Petitioner contends that such book figures do not represent the true value of it’s fixed assets prior to January 1, 1910, and that the appraisal values should be used as the starting point as of January 1, 1910, for computing depreciation.
Petitioner has submitted his case, as to the issue involving depreciation, upon the basis of the January 1, 1910, appraisal values and has not submitted any evidence of the March 1, 1913, value of its fixed assets acquired prior to the latter date. The appraisal is offered in evidence without any supporting testimony as to the methods or factors used in arriving at the assigned values; as to what those values represent, whether actual fair market value as of January 1, *78 1910, or cost of reproduction new, less depreciation. The appraisal was made for insurance purposes and for all we know it may reflect the sound value of petitioner’s fixed assets on hand on January 1, 1910, but it does not pretend to establish the actual value of petitioner’s fixed assets on hand on March 1, 1913. In the absence of proof of any cost other than that established by the books or of the March 1,1913, value of petitioner’s fixed assets acquired prior to that date, depreciation must be computed on the basis of cost as shown by petitioner’s books. Cf. Illinois Paper Box Co., 4 B. T. A. 1227; Montgomery Bros, & Co., 5 B. T. A. 258; Frost Manufacturing Co., 13 B. T. A. 802.
As to the second issue, we are of the opinion that when the credits were entered upon the officers’ accounts as reimbursement for the cost of the two automobiles in question, and petitioner being on the accrual basis of accounting, there was an outlay by petitioner for a capital asset. The amount of $6,575 should be included in petitioner’s invested capital for the second half of the year 1920 and depreciation during the same period on the two cars should be allowed at the same rate which respondent has used in respect to petitioner’s other cars used in the business.
With reference to the third issue, the facts are that shortly after petitioner purchased two lots adjoining its factory property, together with the dwellings thereon, for $7,625.05, it decided to use the lots for an extension of its factory. Petitioner received $400 for both houses, which were removed from the property in 1920 without cost to it. Petitioner’s officers testified that the property was purchased for the purpose of renting the dwellings and that the vacant lots had a value of $1,000 each after the removal of the houses. The difference between $2,400 and $7,625.05, the cost of the property, is claimed by petitioner as a loss sustained in 1920. Respondent disallowed the claimed deduction pursuant to the provisions of article 142 of Regulations 45. Petitioner had the dwellings removed for the purpose of extending its factory over the two lots in question and the total cost of the property, namely, $7,625.05, less the $400 recouped, was a part of the cost incident to the extension of the factory and as such constituted a capital outlay. We are of the opinion that petitioner did not sustain any deductible loss on account of the removal of the old dwellings. Cf. Arthur E. Ingle, 1 B. T. A. 595; Union Bed & Spring Co., 9 B. T. A. 352.

Judgment will T>e entered pursuant to Bule 50.